IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAUL GOMEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 20-cv-4381 |
| v. | ) |
| | ) |
| LOUIS MONTES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Louis Montes, by and through his attorney, KWAME RAOUL, Attorney General of the State of Illinois, pursuant to Rule 8 of the Federal Rules of Civil Procedure, for his Answer and Affirmative Defenses to Plaintiff's Amended Complaint, plead as follows:

1. On January 3rd, 2020 I was taken on a Medical Writ to U.I.C. Hospital from Stateville C.C. upon my return to Stateville at approximately 5:30 p.m. I was approached by Sgt. Chaz Montes (badge #4938) whereupon he dangled a set of handcuffs in front of my face and stated "you won the lotto." I asked him what he was talking about and he responded by saying "you're going to seg." I told him for what, I just came back from a writ, I didn't do anything. He said, "you're going under investigation.

**ANSWER:** Defendant admits that Plaintiff was being placed on segregation status since he was under investigation. Defendant denies the remaining allegations set forth in Paragraph 1.

2. I asked to speak to a "White Shirt" (Lieutenant) and he then grabbed my left shoulder forcefully attempting to spin my body rather than simply going by protocol of giving me a direct order to turn around and cuff up.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 2.

3. His physical actions towards me seemed malicious and in a manner to inflict pain and or cause harm so in a type of reflex motion I struck Montes. Once I realized what had occurred I told him to "calm down I didn't want to do that to him." He started to yell "Ten Ten, Code One."

**ANSWER:** Defendant admits that Plaintiff struck Defendant; however, Defendant denies the remaining allegations set forth in Paragraph 3.

4. I walked into the hallway, laid on my stomach and placed my hands behind my back. Other officers and Lieutenants came over and grabbed my arms and started to lift them up in an attempt to break my arms. I yelled in pain and said, "I recently had shoulder surgery." Montes responded by saying "Fuck your shoulders Bitch." I was then cuffed up before I could get to my feet and be escorted to seg.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 4.

5. Montes came over and began to knee punch and kick me in the face, head, and body. My head was bouncing off the floor and I began to bleed a lot causing a small pool of blood then Lt. Davis gave Montes an order to stop by saying "that's enough." Another unknown officer grabbed Montes in order to stop him from kicking me any further. I was then lifted off the ground and walked to a nearby bull pen (cage) approx.. 30 feet away. More of the officers, Lieutenants, and nurses then came over. Two nurses began to wipe blood away from my face and head and filled out an incident report and unknown officer began to take photos of most of my wounds. I was then walked to the segregation unit while still bleeding.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 5.

6. Approx. an hour later I was taken out of my cell and escorted down stairs where I was interviewed by Internal Affairs Officer Ms. Brown. While I explained what happen with Montes and how I didn't resist and cuffed up while Montes maliciously and sadistically punched, kneed, and kicked me another officer took more photos of me.

**ANSWER: Defendant denies the allegations that Plaintiff did not resist and that Defendant maliciously and sadistically punched, kneed, and kicked Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6.**

7. When the interview was completed, I walked out of the office and was met by Pontiac C.C. Tactical Unit Officers which told me to step into the bullpen and strip search. I asked what's going on and was told" the Warden is shipping you out."

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.**

8. Due to a Disciplinary Report yet to be issued and the investigation was still on going the transfer violated my due process and was out of retaliation and as a cover up for Montes actions. I was driven to Pontiac C.C. in pain and remained in pain for several weeks after the beating.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.**

9.   I utilized the grievance procedure about Sgt. Montes actions, my medical issues and the subsequent offender Disciplinary Report. The Acting Director, Rob Jeffreys was determined to address my issues without a formal hearing and considered my issues moot on February 13, 2020. Attached are all relevant grievances, responses and other paperwork as exhibits in order to show I exhausted my Administrative Remedies, I.D.O.C agreed I didn't cause injury to Montes and reducing my changes, and I was in fact injured.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.**

10.   My complaint is not on the Offender Disciplinary Report nor the discipline handed down, it is solely on:
1)   Sgt. Montes excessive force.
2)   Warden Pfister's retaliatory transfer and cover up.
3)   Acting Director Rob Jeffreys continued cover up.
Note: I do not have copies of any photos of my injuries taken at Stateville C.C. and or Pontiac C.C. at this stage.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 10.**

### REQUESTED RELIEF

1. Defendant denies that Plaintiff is entitled to compensatory damages.

2. Defendant denies that Plaintiff is entitled to punitive damages.

3. Defendant denies that Plaintiff is entitled to any other relief.

### JURY DEMAND

Defendant respectfully requests trial by jury.

### AFFIRMATIVE DEFENSES

1.    At all times relevant herein, Defendant acted in good faith in the performance of his

official duties and without violating Plaintiff's clearly established statutory or constitutional

rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

2.	To the extent that Plaintiff is suing Defendant for actions of a subordinate in which Defendant was not directly involved, such claims are barred because the doctrine of respondeat superior is not a basis for liability under 42 U.S.C. § 1983. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

3.	To the extent Plaintiff seeks damages from Defendant in his official capacities, Defendant is protected from liability by the Eleventh Amendment.

4.	To the extent Plaintiff's claim was previously adjudicated without being reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff's claim is barred and not cognizable under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

WHEREFORE, Defendant Louis Montes requests that this Honorable Court enter judgment in his favor and against Plaintiff.

Dated: November 20, 2020                    Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois        By:     *s/John M. Catalano, Jr.*
                                            JOHN M. CATALANO, JR.
                                            Assistant Attorney General
                                            General Law Bureau
                                            100 W. Randolph St., 13th Fl.
                                            Chicago, Illinois 60601
                                            (312) 814-3149
                                            JCatalano@atg.state.il.us

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAUL GOMEZ, | ) |
| Plaintiff, | ) ) ) ) ) Case No. 20-cv-4381 |
| v. | ) ) |
| LOUIS MONTES, | ) ) |
| Defendant. | ) ) |

### CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020, the foregoing documents, *Defendant's Answer to Plaintiff's Complaint*, was electronically filed with the Clerk of the Court using the CM/ECF system. And I hereby certify that on the same date, I will caused a copy of the foregoing described document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

    Raul C. Gomez R-28681
    Pontiac Correctional Center
    P.O. Box 99
    Pontiac, IL 61764

    */s/ John M. Catalano, Jr.*
    Assistant Attorney General
    General Law Bureau
    100 W. Randolph Street, 13th Floor
    Chicago, Illinois 60601
    (312) 814-3149
    jcatalano@atg.state.il.us