# In the United States District Court
## for the Northern District of Illinois
### Eastern Division

| | |
|---|---|
| RAUL C. GOMEZ, | |
| Plaintiff, | |
| v. | No. 20-cv-4381 |
| | Judge Franklin U. Valderrama |
| SGT. LOUIS MONTES III, LT. DEQUITA DAVIS, SGT. MARC T. ANASTACIO, AND PAULA D. CLARK, | |
| Defendants. | |

## Order

Raul Gomez (Plaintiff), an inmate housed at Stateville Correctional Center in the custody of the Illinois Department of Corrections (IDOC), sued Sgt. Louis Montes III, Lt. Dequita Davis, Sgt. Marc Anastacio, and acting Sgt. Paula Clark[1] (collectively, Defendants), asserting claims under the Eighth Amendment and 42 U.S.C. § 1983. *See generally* R. 192, Amended Fourth Amended Complaint (FAC); R. 255, Jnt. Pretrial Memo.[2] Plaintiff alleges that, in violation of his constitutional rights, Defendant Sgt. Montes used unjustified excessive force against him (Count I) and that the remaining Defendants did not intervene to prevent the use of such force (Count II). *Id.*

The Court set this matter for trial. R. 243. Parties have filed motions *in limine* and other submissions in advance of the November 19, 2024 Pretrial Conference, which the Court addresses in this Order. *See generally* R. 245, Pl.'s Mots. *Limine*; R. 250, Def.'s Mots. *Limine*.

## Background

Plaintiff, at all relevant times, was an inmate at Stateville Correctional Center (Statesville), a prison operated by the IDOC, and Defendants were Stateville correctional officers. Jnt. Pretrial Memo. at 2–3.

---

[1] Defendant Paula Clark was the acting sergeant at Stateville Correctional Center on January 3, 2020, the time the allege incident took place. Jnt. Pretrial Memo at 3.

[2] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

Plaintiff alleges that on January 3, 2020, he returned to Stateville from a medical furlough at UIC Hospital. FAC ¶ 15. At that time, Defendant Montes purportedly informed Plaintiff that he would be taken to segregation. *Id.* ¶ 16–17. Dialogue ensued between Plaintiff and Defendant Montes, as Plaintiff contended that the normal protocol for inmates returning for medical furlough was to be taken to the Health Care Unit, not segregation. *Id.*

Defendant Montes then allegedly grabbed Plaintiff's left shoulder without ordering Plaintiff to turn around to be handcuffed, in an attempt to spin him around. *Id.* at 19. Plaintiff claims this caused him pain, as he had undergone rotator cuff surgery on that same shoulder six months earlier. *Id.* at 3.

Plaintiff, allegedly in response to the pain, reflexively struck Defendant Montes in the face. *Id.* at 4. Defendant Montes then called a "Ten-Ten, code 1," the alert indicating that a staff member needed assistance. *Id.* at 4, 6. After Defendant Montes signaled for help, Plaintiff walked to the doorway and laid on his stomach. *Id.* Defendant Davis, who allegedly heard the commotion, then handcuffed Plaintiff and sat on his back. *Id.*

The remaining Defendants then arrived to assist, with one of them allegedly grabbing Plaintiff's cuffed arms, pulling them upward. *Id.* at 5. Plaintiff claims this caused him to yell out in pain, informing Defendants of his prior surgery. *Id.* In response, Defendant Montes reportedly said, "F**k your shoulder, b*tch," and began kicking and punching Plaintiff in the face, head, and back. *Id.*

Plaintiff was then taken to the medical unit, where photos were taken of his lacerations, swelling, and bruising. *Id.* at 6. On January 22, 2020, Plaintiff filed a written grievance regarding the January 3 incident and subsequently filed this suit against Defendants under the Eighth Amendment and Section 1983 for excessive force and failure to intervene. *Id.* at 6; FAC. Defendants deny Plaintiff's allegations. Jnt. Pretrial Memo. at 5–7.

The Court set this matter for trial commencing on December 3, 2024. R. 243. In advance of trial, the Court held a pretrial conference on November 19, 2024, during which it heard the parties' positions on several motions *in limine* and other pretrial filings. This Order now addresses the parties' motions *in limine*, as well as other pretrial submissions.

## Legal Standard

"A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S.

379, 384 (2008) (cleaned up).[3] A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A motion *in limine* permits "the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion *in limine*, however, should not be used to resolve factual disputes or weigh evidence. *Hutchinson v. City of Thompson Falls*, 2021 WL 321886, at *1 (D. Mont. Feb. 1, 2021) (cleaned up). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (emphasis added). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. Finally, rulings *in limine* are provisional. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## Analysis

## I.    Plaintiff's Motions in *Limine*

### 1.    Barring Plaintiff's Prior Criminal History

In Motion *in Limine* No. 1, Plaintiff moves to bar any reference to his criminal history. Pl.'s Mots. *Limine* at 1. Plaintiff correctly notes that, under Rule 609, a witness' credibility may be impeached by a felony conviction within ten years of the date of conviction or release from confinement. *Id.* Plaintiff then points out that he was convicted of aggravated discharge of a firearm in 2004, more than ten years ago, and therefore evidence of this conviction is irrelevant and prejudicial. *Id.* Defendants object[4], arguing that to the extent Plaintiff attempts to avoid fault for his initial assault on Defendant Montes, evidence of his prior criminal history is relevant to explain the need for application of force by the Defendants. R. 205-4, Def.'s Opp. Pl.'s Mots. *Limine* at 2.

Under Federal Rule of Evidence 609(a)(1), when a party wishes to attack a witness's character for truthfulness, evidence of a conviction for a crime punishable by imprisonment for more than a year "must be admitted, subject to Rule 403, in a civil case …" If, however, "10 years have passed since the witness's conviction or

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).
[4] At the Pre-trial Conference, Defendants seemingly withdrew their opposition. However, in an abundance of caution, due to their apparent confusing regarding the nature of the motion, the Court proceeds to consider the motion as if the motion is still opposed.

release from confinement, whichever is later," the conviction is only admissible if, among other things, "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). Here, Plaintiff's conviction is outside the 10-year window under Fed. R. Evid. 609, and Defendants do not argue that Plaintiff's release from confinement occurred within the last ten years. Therefore, Plaintiff may not be impeached with evidence of his 2004 conviction for aggravated discharge of a firearm.

Plaintiff's Motion *in Limine* No. 1 is granted.

### 2. Barring Evidence of Plaintiff's Present Incarceration

For his Motion *in Limine* No. 2, Plaintiff moves to bar any evidence regarding the underlying facts of Plaintiff's present incarceration and sentence, arguing that such evidence is irrelevant and highly prejudicial. Pl.'s Mots. *Limine* at 2 (citing *Gora v. Costa*, 971 F.2d 1325 (7th Cir. 1992)). But Plaintiff concedes that evidence of his current incarceration is relevant to show that he was under the care and custody of the IDOC at the time of the alleged abuse. *Id*. Defendants oppose the motion, arguing that inmates at a maximum-security prison like Stateville are more likely to be violent offenders, which is, as Defendants see it, relevant to the application of force, the relationship between the need for and amount of force used, and the extent of the perceived threat. Def.'s Opp. Pl.'s Mots. *Limine* at 2–3. At bottom, from Defendants' view, evidence regarding the facts of Plaintiff's present incarceration is relevant given Plaintiff is housed at a maximum-security prison due to the length of his sentence and severity of his convictions. *Id*.

Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court, however, may exclude relevant evidence "if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court agrees with Plaintiff that evidence of the underlying facts of Plaintiff's present incarceration and sentence is not relevant to any issue in this case.

Plaintiff's Motion *in Limine* No. 2 is granted.

### 3. Barring Any Reference to and/or Questions Regarding Plaintiff's Disciplinary History

In Motion *in Limine* No. 3, Plaintiff moves to exclude any evidence of his disciplinary records outside of those related to the January 3 incident, arguing that such records constitute impermissible propensity evidence in violation of Rule 404(b).

Pl.'s Mots. *Limine* at 2. Not only that, posits Plaintiff, but any subsequent discipline is irrelevant. *Id.*

In opposition, Defendants argue that Defendant Davis was aware of Plaintiff's propensity for assaulting correctional officers, and thus, this evidence is relevant to her perception of the threat and safety of staff and other inmates. Def.'s Opp. Pl.'s Mots. *Limine* at 3–4. Furthermore, assert Defendants, Plaintiff's statements in tickets involving assault and threats in 2005, 2012, 2018, and 2019 are also relevant to Defendant Davis' perceived threat and constitute admissions by a party opponent, which are therefore admissible. However, Defendants clarify that they do not seek to admit the underlying facts involving Plaintiff's tickets. *Id.*

"Generally, evidence of other bad acts is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question." *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006); Fed. R. Evid. 404(b). As the Seventh Circuit has explained, [t]his evidence may, however, be admitted under Rule 404(b) to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *Id.*

The Seventh Circuit has formulated a general framework for analyzing Rule 404 (b) cases. *United States v. Thomas*, 986 F.3d 723, 728 (7th Cir. 2021). "First, the proponent of the other acts of evidence must show, through a chain of propensity-free inferences, that the evidence is relevant for a reason other than propensity. *Id.* at 860. Second, the court must determine under Federal Rule of Evidence 403, whether the probative value of the evidence is substantially outweighed by the prejudicial effect of the evidence…paying close attention to whether the fact the evidence helps establish is disputed." *Id.* At this juncture, the Court cannot resolve this motion without further information regarding the non-propensity evidence for which Defendants seek to introduce this evidence.

Plaintiff's Motion *in Limine* No. 3 is reserved.

### 4. Barring Complaints outside the January 3 Incident

In Motion *in Limine* No. 4, Plaintiff moves to exclude evidence of grievances he filed, except for the grievance related to the January 3 incident. Pl.'s Mots. *Limine* at 2. Defendants do not oppose the exclusion of irrelevant grievances. *See generally* Def.'s Opp. However, Defendants argue that, to the extent Plaintiff's grievances relate to his pre-existing or subsequent ailment, they are relevant to determining the extent of his injuries. *Id.*

The Court agrees that evidence of prior grievances that are unrelated to Plaintiff's injuries is irrelevant. However, based on Defendants' qualification, the Court cannot determine the admissibility of unidentified grievances at this juncture.

Certainly not all health-related grievances filed by Plaintiff are relevant to this case. The Court will need specific information to evaluate their relevance and potential admissibility.

Plaintiff's Motion *in Limine* No. 4 is reserved.

## 5. Barring Evidence of Gang Affiliation

In Motion *in Limine* No. 5, Plaintiff moves to bar evidence of his alleged gang affiliation, arguing that such evidence is irrelevant and prejudicial. Pl.'s Mots. *Limine* No. 5 (citing *United States v. Irvin*, 87 F.3d 860 (7th Cir. 1996)). Predictably, Defendants object, contending that evidence of Plaintiff's specific gang affiliation, as revealed by his visible gang tattoos, is relevant to Defendants' perception of the danger that Plaintiff posed and to the need for the application of force, the relationship between the need for and amount of force applied, and the perceived extent of the threat to the safety of staff and inmates. Def.'s Opp. Pl.'s Mots. *Limine* at 5.

The Seventh Circuit has "consistently held that, under appropriate circumstances, gang evidence has probative value warranting its admission over claims of prejudice." *United States v. Irvin*, 87 F.3d 860, 864 (7th Cir. 1996). The Seventh Circuit, however, has "recognized that there is a substantial risk of unfair prejudice attached to gang affiliation." *United States v. Alviar*, 573 F.3d 526, 536 (7 th Cir. 2009) (cleaned up). Accordingly, courts have barred evidence of gang membership or gang activity where the case was not a gang case. *See Smith v. Hunt*, 2011 WL 9737, at *3 (N.D. Ill. Jan. 3, 2011) (barring evidence that Defendant Officers were members of Gang Unit because case was not a gang case); *Jones v. City of Chicago*, 2017 WL 413613 (N.D. Ill. Jan. 31, 2017) (same). Courts have also barred evidence of gang membership or activity, as said evidence can constitute evidence of prior bad acts, which is inadmissible under Federal Rule of Evidence 404(b). *See*, *e.g.*, *Ramirez v. City of Chicago*, 2009 WL 3852378 (N.D. Ill. Nov. 17, 2009).

Here, there is no suggestion that Plaintiff's gang affiliation had anything to do with the incident. Indeed, there is no evidence that this is a "gang case." Consequently, the Court fails to see the relevance or probative value of this evidence. Moreover, even if there is some relevance and probative value, that value is minimal relative to the "substantial risk of unfair prejudice attached to gang affiliation evidence." *Irvin*, 87 F.3d at 864; Fed. R. Evid. 403.

Plaintiff's Motion *in Limine* No. 5 is granted.

## 6. Barring Evidence of Plaintiff's Prior and Subsequent Injuries

Plaintiff asks the Court in Motion *in Limine* No. 6 to exclude reference to prior and subsequent unrelated physical injuries, arguing that any such reference serves to confuse the fact finder and is unduly prejudicial. Pl.'s Mots. *Limine* at 3 (citing, *inter alia*, *Pellegrini v. Chicago Great W. Ry. Co.*, 319 F.2d 447 (7th Cir. 1963)).

Defendants object, contending that Plaintiff cannot claim injuries to body parts and then seek to exclude evidence of preexisting injuries to those same body parts. Def.'s Opp. Pl.'s Mots. *Limine* at 10.

As best the Court can discern, Plaintiff alleges that prior to the incident, he had undergone left shoulder surgery. Plaintiff explains that when Defendant Montes grabbed him, he did so by grabbing his left shoulder, which caused him pain. Thus, it appears that it is the Plaintiff who seeks to introduce evidence of his left shoulder condition pre-incident. Defendants' response is confusing as the issue presented by the motion does not go to the issue of aggravation of a preexisting condition. True, if Plaintiff is alleging aggravation of a pre-existing condition as an injury, Plaintiff must present medical evidence in support of such a claim. *See Johnson v. Dominguez*, 5 F.4th 818, 826 (7th Cir. 2021). On the other hand, to the extent Defendants wish to argue that Plaintiff had a pre-existing injury to the same body part, Defendants must have medical evidence that the incident did not aggravate the pre-existing condition. *Id.* As for any subsequent injuries, at this juncture the Court cannot address their admissibility. That said, the Court anticipates that to the extent Defendants plan to introduce evidence of a subsequent injury Plaintiff sustained, Defendants will connect the significance of that injury to any claimed injury, via medical testimony.

Plaintiff's Motion *in Limine* No. 6 is reserved.

### 7. Barring Evidence of Plaintiff's Pre-Incident Interaction with Defendant Montes

In Motion *in Limine* No. 7, Plaintiff seeks to exclude evidence of his pre-incident interaction with Defendant Montes, arguing that said interaction is irrelevant. Pl.'s Mots. *Limine 7*. Defendants counter that Plaintiff's personal animosity towards Defendant Montes prior to the incident is relevant to his motive for assaulting Defendant Montes. Def.'s Opp. Pl.'s Mots. *Limine* at 6.

The Court agrees with Defendants that this evidence is relevant. Evidence of Plaintiff's prior interaction with Defendant Montes and Plaintiff's alleged personal animosity towards Defendant Montes could provide insight into his alleged motive for the January 3 assault.

Plaintiff's Motion *in Limine* No. 7 is denied.

### 8. Barring any Reference to Plaintiff Acting Like an Animal

With Motion *in Limine* No. 8, Plaintiff asks the Court to bar reference to him "acting like an animal," arguing that said evidence is based on hearsay and designed to antagonize Plaintiff and constitutes character evidence in violation of Fed. R. Evid. 404(b). Pl.'s Mots. *Limine* 8. Defendants disagree, contending that this statement is not hearsay because it is Plaintiff's own statement and reflects his aggressive

demeanor. Def.'s Opp. Pl.'s Mots. *Limine* at 6. Defendants further argue that this evidence falls under the hearsay exception provided by Fed. R. Evid. 803 for statements made for medical diagnosis. *Id.* Notably, Defendants do not address Plaintiff's claim that this evidence is inadmissible character evidence. *See* Def.'s Opp. Pl.'s Mots. *Limine* at 6.

Recall that Federal Rule of Evidence 404(b) excludes evidence used to "prove the character of a person in order to show action in conformity therewith." *United States v. Adams*, 628 F.3d 407, 414 (7th Cir. 2010) (quoting Fed. R. Evid. 404(b)). The Court agrees that the statement is prohibited by Fed. R. Evid. 404(b)(1), as, by Defendants' own admission, the purpose of the evidence is to show that Plaintiff acted in accordance with his character at the time of the incident. Moreover, the relevance of such a statement is not apparent to the Court.

Plaintiff's Motion *in Limine* No. 8 is granted.

### 9. Barring any Reference Regarding Plaintiff's Attempt to be Transferred to Segregation Unit

For his Motion *in Limine* No. 9, Plaintiff moves to bar any evidence that inmates try to be transferred to segregation in order to receive new housing, arguing that said evidence is irrelevant. Pl.'s Mots. *Limine* at 4. Not so, counter Defendants, pointing out that Plaintiff, in his deposition, testified to intentionally causing himself to be placed in segregation for better accommodations. Def.'s Opp. Pl.'s Mots. *Limine* at 6–7. Defendants further explain that Plaintiff's voluntary segregation status is relevant to his motive for the assault and his subsequent actions. *Id.* The Court agrees with the Defendants and finds that the testimony is relevant. Here, Plaintiff's intentional placement in segregation could provide context to the events leading up to the assault in question and be thereby relevant to this case. Fed. R. Evid. 401.

Plaintiff's Motion *in Limine* No. 9 is denied.

### 10. Barring Evidence Regarding Unrelated Civil Suits

For his Motion *in Limine* No. 10, Plaintiff moves to bar any evidence of his unrelated civil suits, as such evidence is irrelevant. Defendants do not oppose the motion.

Plaintiff's Motion *in Limine* No. 10 is granted.

### 11. Barring Evidence that Plaintiff was offered and refused to take Polygraph Test

Plaintiff, for his Motion *in Limine* No. 11, moves to bar evidence that IDOC investigators asked Plaintiff whether he would take a polygraph test after the

January 3 incident. Pl.'s Mots. *Limine* at 5. Plaintiff refused. This evidence, submits, Plaintiff is irrelevant. *Id.* Defendants do not oppose the motion, so long as it is reciprocal. The Court agrees and grants the motion.

Plaintiff's Motion *in Limine* No. 11 is granted and applies to both parties.

### 12. Barring Documents Tendered After Closure of Discovery

In his Motion *in Limine* No. 12, Plaintiff seeks to bar supplemental discovery tendered by Defendants nine months after the court-ordered deadline. Pl.'s Mots. *Limine* at 5. The Court ordered the closure of discovery by November 3, 2023. R. 213. On August 22, 2024, nine months later, Defendants supplemented their discovery with approximately 1200 pages of IDOC records and miscellaneous materials from Plaintiff's file. Plaintiff contends that such evidence should be barred, as there is no justification for this untimely disclosure. *Id.* (citing Fed. R. Civ. P. 37(c)).

Defendants counter that this motion should be denied, as all they did was comply with Fed. R. Civ. P. 26(e) by supplementing their discovery with records that were not previously available. Def.'s Opp. Pl.'s Mots. *Limine* at 7. Not only that, explain Defendants, but "many of these records are [duplications] of records previously produced or updated previously disclosed documents." Def.'s Opp. Pl.'s Mots. *Limine* at 7–8. Neither party identifies the contested records with any helpful level of specificity. At this juncture, the Court cannot resolve the motion. That said, the Court reminds the parties that it expects the parties to try to resolve this issue without the Court's intervention.

Plaintiff's Motion *in Limine* No. 12 is reserved.

### 13. Barring any Evidence of Defendant Montes' Left Shoulder Injury

For his Motion *in Limine* No. 13, Plaintiff seeks to bar evidence that Defendant Montes allegedly sustained injuries following the January 3 incident. Pl.'s Mots. *Limine* at 6. Defendants disagree, asserting that while Defendant Montes cannot offer expert medical testimony regarding causation and prognosis, he can provide lay testimony about his symptoms and observations. Def.'s Opp. Pl.'s Mots. *Limine* at 8–9.

At this juncture, the Court fails to see the relevance that Defendant Montes may have been injured in the January 3 incident. However, it is possible that its relevance may be shown later. Therefore, the Court reserves ruling on this motion.

Plaintiff's Motion *in Limine* No. 13 is reserved.

## II. Defendants' Motions *in Limine*

1. ***Barring Expert/Lay Opinion Testimony***

In Defendants' Motion *in Limine* No. 1, Defendants move to bar any expert testimony, as Plaintiff did not disclose any under Fed. R. Civ. P. 26(a)(2). Def.'s Mots. *Limine* at 1. Defendants do not identify any specific witness they seek to exclude. However, at the November 19, 2024 pretrial conference, Defendants' counsel explained that Plaintiff now seeks to use Nurse Practitioner Carissa Luking, Dr. Hyunchul Jung, and Dr. Azar Pappa, after failing to disclose them as expert witnesses.

Plaintiff objects, arguing that he properly disclosed "treating physicians" as experts in his initial Rule 26(a)(2) disclosure on May 16, 2022. Pl.'s Opp. Def.'s Mots. *Limine* at 1. Further, Plaintiff posits that admitting the proffered expert testimony would not prejudice the Defendants given (1) they had notice through his initial disclosure and subsequent disclosure, (2) no written expert reports were required, and (3) his proffered experts gave their opinions at their depositions. Pl.'s Opp. Def.'s Mots. *Limine* at 3 (citing *Osuji v. City of Chi.*, 2005 WL 1799277 at *7 (N.D. Ill. July 26, 2005); *Montanez v. Fico*, 2012 WL 2062562, at *1 (N.D. Ill. June 6, 2012)).

Defendants argue that Plaintiff's general reference to "treating physicians" in his initial Rule 26 disclosure is insufficient. Not only that, asserts Defendants but given that Nurse Luking, Drs. Jung and Pappa were disclosed as fact witnesses, Defendants' counsel did not question them as experts during their respective depositions.

The Federal Rules of Civil Procedure govern the disclosure of expert witnesses. Fed. R. Civ. P. 26(c)(2). "The federal rules of civil procedure divide potential witnesses into three categories for purposes of disclosure." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004). "The first group, fact witnesses, must be disclosed by sending to the opposing party the name, address, and phone number (if known) of each potential witness." *Id*. The second and third categories, consisting of witnesses providing expert testimony, are differentiated by the following rule:

**Disclosure of Expert Testimony**

**(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1) [regarding fact witnesses], a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one

whose duties as the party's employee regularly involve giving expert testimony . . . .

**(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2). Treating physicians must be designated as experts if they are to provide expert testimony. *Id.* at 758. To ensure compliance with Rule 26's requirements, Rule 37 provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e)(1), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Seventh Circuit has explained that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

As an initial matter, the parties dispute whether Plaintiff properly disclosed Nurse Luking, and Drs. Jung and Pappa, pursuant to Rule 26(a)(2)(C). Recall that under that section, if the expert is not required to provide a written report under subsection (B) (and Defendants do not argue that any of Plaintiff's treating physicians or nurse practitioner were required to provide an expert report), the party who intends to offer the expert's testimony at trial must disclose: "(i) the subject matter on which the witness is expected to present [expert testimony]; and (ii) a summary of facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).

Additionally, and critically, Rule 26(a)(2)(A) requires that the "witness" be identified by name. *Tribble v. Evangelides,* 2012 WL 245029, at *4–5 (7th Cir. Jan. 26, 2012) ("Rule 26(a)(1) requires, among other things, the disclosure of the names and addresses of fact witnesses."); *Akins–Brakefield v. Philip Envtl. Servs. Corp.,* 2010 WL 1856003, at *1 (S.D. Ill. May 10, 2010) ("Under Rule 26(a)(2)(A), a party must, as part of its initial disclosures, identify the names of any expert witness it may use."); *Walton v. Best Buy Co.*, 2010 WL 1494612, at *5 (E.D. Mich. Apr. 14,

2010) ("Plaintiff's listing of only the categories for which she may use expert witnesses at trial does not satisfy Rule 26(a)(2)(A).").

Here, Plaintiff's disclosure of "treating doctors and therapists" in his initial disclosure (R. 145 at 3) does not come close to complying with the disclosure requirements of Rule 26(a)(2)(C). *See Musser*, 356 F.3d at 757. Plaintiff's failure to comply with Rule 26(a)(2)(C), however, does not lead to the automatic exclusion of their causation opinions. *See id.* at 759–60. That is, the Court must still determine whether exclusion is warranted under Rule 37(c)(1). Specifically, whether Plaintiff's failure to disclose was either justified or harmless. *See Musser*, 356 F.3d at 756.

The Seventh Circuit has articulated several factors that should guide a court's discretion in determining whether the failure to disclose was justified or harmless. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). These factors are: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* Whether a "Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.* The party facing the sanction, in this case, the Plaintiff, bears the burden of showing that his failure to comply with Rule 26 was justified or harmless. As best as the Court can discern, based on his briefing and arguments advanced at the November 19, 2024 pretrial conference, Plaintiff does not argue that his failure to comply with Rule 26(a)(2)(C) was justified. The Court must still determine whether the failure was harmless.

To clarify, Defendants do not seek to exclude all of Dr. Jung, Dr. Pappa, or Nurse Luking's testimony. Nor do Defendants seek to exclude the factual observations and findings Dr. Jung, Dr. Pappa, and Nurse Luking made during the course of providing treatment to Plaintiff. Rather, Defendants seek to exclude Dr. Jung, Dr. Pappa, and Nurse Luking's medical causation opinions. The Court, however, need not address further arguments regarding Dr. Pappa in light of Plaintiff's counsel's representation at the pretrial conference that Dr. Pappa will not offer causation testimony and that any testimony from him will be limited to diagnosis and treatment. *See Kondziolka v. Burlington N. and Santa Fe Ry. Co.*, 2000 WL 1368041, at *2 (N.D. Ill. Sept. 15, 2000) (finding that Rule 26 did not require disclosure of testimony about personal observations, treatment, *and diagnosis,* but testimony about causation was expert testimony subject to disclosure). Put differently, Dr. Pappa will testify as a fact witness, which is not contested in Defendants' Motion *in Limine*.

Turning to Nurse Luking and Dr. Jung, while not specifically addressed by either party, the Court now addresses the factors articulated by the Seventh Circuit to guide the Court's exercise of discretion in determining whether the failure to disclose was justified or harmless. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th

Cir. 2003). Again, these factors are: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

### a. Prejudice or Surprise

First up is whether Defendants will be prejudiced or surprised should Plaintiff be permitted to elicit causation opinions from Nurse Luking and Dr. Jung.

Plaintiff argues that he disclosed his "treating physicians and therapists may, at this time, or at a later date, be considered expert witness …" in his Rule 26 initial disclosure filed on May 16, 2022. R. 145 at 3. *Id.* at 3. This disclosure, however, was technically deficient, as it did not include the names of the treating physicians or therapist, much less provide a summary of the facts and opinions that Dr. Jung and Nurse Luking were expected to provide. Plaintiff, however, does not rest on this disclosure alone.

Plaintiff points out that while Dr. Jung and Nurse Luking were not listed in the May 16 disclosure, Plaintiff subsequently identified Dr. Jung and Nurse Luking on or before July 20, 2023, when Magistrate Judge Jantz granted his unopposed request to depose them. R. 208. Judge Jantz extended the fact discovery deadline to ensure that these depositions could be completed prior to the close of discovery. *Id.* Two months later, Plaintiff again identified Nurse Luking and Dr. Jung in a joint status report, indicating that the deposition of Dr. Jung had been scheduled and that he sent a subpoena Nurse Luking. R. 211. The deposition of Dr. Jung proceeded on September 19 and the deposition of Nurse Luking took place October 5.

Plaintiff maintains that Defendants cannot credibly be surprised, much less prejudiced given that at the depositions of Nurse Luking and Dr. Jung, he elicited causation opinion testimony from the witnesses. For example, Plaintiff's counsel made the following statement during Nurse Luking's deposition:

> I know you haven't given a deposition before. So in a civil litigation, medical providers are able to give opinions. I just want to make sure. Those opinions need to be based upon a reasonable degree of medical certainty. What that means is upon 51 or more. There's never any opinions that are 100 percent in there. And I just want to ask you a couple of opinions that you may or may not have regarding Mr. Gomez.

Luking Dep. at 73:18–74:3; *see also id.* at 74:8–10 ("Do you have an opinion, based upon a reasonable degree of a nurse practitioner, as to what was causing that for Mr.

Gomez?"); Jung Dep. 6:12–13 ("Okay. Doctor, have you ever worked as a medical-legal expert?).

At the Pre-trial Conference, Defendants' counsel did not deny that Defendants' counsel not only failed to object to the causation opinion testimony at the respective depositions, but also failed to cross-examine either witness on their causation testimony.

What's more, knowing that Plaintiff's counsel elicited causation opinion testimony from Nurse Luking and Dr. Jung, Defendants did not seek to retain their own expert. Plaintiff points out that after the close of fact discovery, in a joint status report filed on November 13, 2023, the parties indicated that they did not anticipate conducting expert discovery. R. 214.

Taken together, the Court agrees that Defendants are neither surprised nor prejudiced by Plaintiff's failure to comply with Rule 26(a)(2)(C) as to Nurse Luking and Dr. Jung. *See Brandon v. Maywood*, 179 F. Supp. 2d 847, 860 (N.D. Ill. 2001) (the plaintiff's failure to disclose a treating physician as an expert witness did not foreclose the physician from testifying as an expert if had "offered his opinions about [the plaintiff's] prognosis and need for future treatment" at his deposition, as "the defendants had plenty of time after that to retain an opposing expert or seek further discovery"); *see also Osuji*, 2005 WL 1799277, at *6. Here, Nurse Luking and Dr. Jung provided their opinions in their depositions taken more than two years before trial. Not only did Defendants' not object to the opinion testimony but launched no challenge after the depositions. Moreover, Defendants had ample time to retain their own expert to rebut the disclosed opinion testimony of Nurse Luking and Dr. Jung but failed to do so. Lastly, Defendants do not contend that Nurse Luking or Dr. Jung's testimony is based on anything other than their care and treatment of Plaintiff. Put differently, there is no suggestion that their opinion testimony is based on anything outside the care of Plaintiff. The Court finds that Plaintiff has met his burden of showing that Defendants are neither surprised nor prejudiced by Plaintiff's late disclosure of his expert witnesses. Thus, this factor weighs against exclusion.

### b. Plaintiff's Ability to Cure Prejudice

Neither party addresses this factor. No matter, as the Court finds that, given the lack of prejudice under the circumstances described above, this factor also weighs against exclusion.

### c. Likelihood of Disruption of Trial

Neither party addresses this factor either. Notably, Defendants do not argue in their motion or at the pretrial conference that allowing the expert causation testimony will necessitate a continuance of the trial date. On the contrary,

Defendants instead seek to submit their own deposition designation should the Court deny their motion.

### d. Plaintiff's Bad Faith/Willfulness

Lastly, there is no evidence before the Court that Plaintiff's failure to comply with Rule 26(a)(2) (C) was done in bad faith or that he willfully failed to comply with the rule.

All in all, the Court finds that Plaintiff's failure to comply with Rule 26(a)(2)(C) was harmless. Therefore, the imposition of sanctions in the form of barring Nurse Luking and Dr. Jung from testifying as to causation would be drastic and unjustified given the harmless nature of Plaintiff's failure to comply with Rule 26(a)(2)(C). *See Spearman Indus. v. St. Paul Fire & Marine Ins. Co.*, 138 F. Supp. 1088, 1094 (N.D. Ill. 2001); *see also Brandon*, 179 F. Supp. 2d at 860 (finding that the failure to file a formal disclosure was harmless where the medical provider was disclosed to the defendants as a treating physician, the defendants deposed the physician before the close of discovery and a year before trial because "defendants had plenty of time … to retain an opposing expert or seek further discovery."). This is not to condone Plaintiff's failure to initially comply with Rule 26(a)(2). Nor does the Court's ruling suggest that a failure to comply with Rule 26(a)(2) will not lead to the exclusion of a witness in the appropriate case. Rather, under the facts of this case, the failure to comply with Rule 26(a)(2) was harmless.

Defendants' Motion *in Limine* No. 1 is denied.

### 2. *Barring Lay Medical Testimony*

Defendants, for their Motion *in Limine* No. 2, seek to bar "any expert medical testimony by lay witnesses*."* Def.'s Mots. *Limine* at 1–2. However, Defendants agree that Plaintiff can testify as to his own experience as a layperson, excluding testimony regarding any diagnosed injuries, specific medical or mental health treatment, or any long-term effects the alleged actions or inactions caused him. *Id*. Plaintiff agrees that a lay witness cannot testify as an expert on a plaintiff's medical conditions. Pl.'s Opp. Def.'s Mots. *Limine* at 4. However, asserts Plaintiff, he is permitted to testify to parts of his condition and treatment if it is rationally based on his perception. *Id*. (citing Fed. R. Evid. 701; *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003)). The Court agrees with the Defendants, and as Plaintiff acknowledges, that expert medical testimony by a lay witness is inadmissible. However, as Plaintiff notes, this prohibition does not extend to perception-based testimony. *Townsend*, 287 F. Supp. 2d at 872. Accordingly, the Court grants Defendants' Motion *in Limine* No. 2 as to medical lay testimony only.

Defendant's Motion *in Limine* No. 2 is granted.

### 3. Barring Evidence Regarding Lack of Appropriate Care

In Motion *in Limine* No. 3, Defendants move to bar evidence regarding lack of medical care, arguing that it is irrelevant and would only serve to confuse the Court. Def.s' Mots. *Limine* at 3. Plaintiff objects, arguing that information related to Plaintiff's lack of medical care is relevant to his claims for pain and suffering as the lack of care, in his view, contributed to his experience. Pl.'s Opp. Def.'s Mots. *Limine* at 4. The Court recognizes that, in this action, Plaintiff does not assert an Eighth Amendment based on deficient medical care. *See generally* FAC. However, the Court agrees that evidence of delayed or lack of care could be relevant regarding Plaintiff's pain and suffering claims. The Court finds that, given this is a bench trial, concerns regarding confusing the trier of fact are meritless.

Defendants' Motion *in Limine* No. 3 is denied.

### 4. Barring Testimony Regarding Aggravation of Pre-Existing Condition

Defendants, in Motion *in Limine* No. 4, posit that Plaintiff may seek to testify regarding the aggravation of a pre-existing condition. Def.s' Mots. *Limine* at 3. But Plaintiff, according to Defendants, lacks the expertise to render any such testimony. *Id.* Plaintiff objects, arguing Fed. R. Evid. 701 allows a lay witness to testify about matters that are rationally based on their perception and not based on scientific, technical, or other specialized knowledge. Pl.'s Opp. Def.'s Mots. *Limine* at 4–5. At bottom, in Plaintiff's view, he is permitted to testify about the impact of his injuries, including observable symptoms or changes in his condition, as such evidence is directly within Plaintiff's personal experience. *Id.* (citing *United States v. Cravens*, 275 F.3d 637 (7th Cir. 2001); *Townsend*, 287 F. Supp. 2d at 875)).

Federal Rule of Evidence 701 limits lay witnesses to providing opinions that are: (a) rationally based on the perception of the witnesses; (b) helpful to a clear understanding of the witness's testimony or the determination of a fact at issue; and (c) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701

The Court agrees with the Plaintiff. It is well established that a lay witness may testify about their own symptoms, pain, or observable effects of an injury, so long as the witness does not offer opinions requiring specialized medical knowledge. *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 821 (N.D. Ill. 2010); *Cravens*, 275 F.3d 637.

Defendants' Motion *in Limine* No. 4 is denied.

### 5. Barring Evidence of Administrative Codes, Department Rules, and Institutional Directives

In Motion *in Limine* No. 5, Defendants move to bar any reference to written policies or procedures at IDOC or its medical provider, Wexford Health, as well as Stateville policies and the contract between IDOC and Wexford. Defendants argue that such evidence is irrelevant, substantially more prejudicial than probative, and constitutes inadmissible hearsay. Def.s' Mots. *Limine* at 3–4.

Plaintiff objects, arguing that contrary to the Defendants' position, administrative directives will be offered to establish the training that the Defendants received and their understanding of the use of force with inmates. Pl.'s Opp. Def.'s Mots. *Limine* at 5–6. Plaintiff contends that such training and understanding are highly relevant to Defendants' perceptions of the events and their alleged intentional degradation of their duties to intervene, particularly given Plaintiff's claim that Defendants willfully and wantonly failed to prevent the abuse inflicted on him by Defendant Montes. *Id.*

Furthermore, posits Plaintiff, Defendants' claims that the factfinder may be confused by the appropriate standard of liability are meritless, as this matter is proceeding as a bench trial. *Id.* Plaintiff, however, does not address Defendants' objection beyond specific administrative directives, thereby and waiving any argument in response. *See Lewis v. Mills*, 677 F.3d 324, 332 (7th Cir. 2012) ("Unsupported and underdeveloped arguments are waived.") (cleaned up); *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver.") (internal citations omitted).

Waiver aside, as to the noted administrative directives, the Court agrees with the Plaintiff. The Court finds that such evidence is relevant and that its probative value outweighs the risk of prejudice to Defendants. However, the Court fails to see the relevance of the IDOC-Wexford contract. Therefore, that evidence is barred.

Defendants' Motion *in Limine* No 5. is denied as to the administrative directives and granted as to the IDOC-Wexford contract.

### 6. Barring Undisclosed Evidence

Defendants' Motion *in Limine* No. 6 seeks to bar undisclosed evidence and witnesses. Def.s' Mots. *Limine* at 5. Plaintiff does not oppose the motion, so long as it is reciprocal.

Defendants' Motion *in Limine* No. 6 is granted and applies to both parties.

### 7. Barring Evidence of Stateville Closure

Defendants' Motion *in Limine* No. 7 seeks to bar evidence of Stateville's closure. Def.s' Mots. *Limine* at 9. Plaintiff does not oppose the motion.

Defendants' Motion *in Limine* No. 7 is granted.

### 8. Barring Evidence of *Rasho* and *Lippert* Litigation

Defendants' Motion *in Limine* No. 8 seeks to bar evidence of *Rasho* and *Lippert* litigation. Def.s' Mots. *Limine* at 9. Plaintiff does not oppose the motion.

Defendants' Motion *in Limine* No. 8 is granted.

### 9. Barring Evidence of Bad Acts

Defendants' Motion *in Limine* No. 9 seeks to bar evidence of other lawsuits or grievances involving Defendants or other prison personnel. Def.s' Mots. *Limine* at 9. Plaintiff does not oppose the motion.

Defendants' Motion *in Limine* No. 9 is granted.

### 10. Barring Evidence of Hearsay by Medical Professionals, Prison Personnel, or Other Prisoner

Defendants' Motion *in Limine* No. 10 seeks to bar, as inadmissible hearsay, any evidence of statements made to Plaintiff by non-party medical providers regarding injuries allegedly related to the incident. Def.s' Mots. *Limine* at 7–8. Plaintiff objects, arguing that while such statements cannot establish a medical diagnosis or causation for his injuries, they may be relevant and admissible for other purposes. Pl.'s Opp. Def.'s Mots. *Limine* at 6. Plaintiff asserts that these statements help explain the context of his medical care. *Id.* (citing *Gage v. Metro. Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 929 (N.D. Ill. 2005)).

Out-of-court statements are inadmissible, barring an applicable exception or exclusion, to the extent they are offered for the truth of the matter asserted. *See* Fed. R. Evid. 802. However, Federal Rule of Evidence 803(4) provides a hearsay exception for statements describing medical history and past or present symptoms, so long as those statements are made for purposes of medical diagnosis or treatment. Fed. R. Evid. 803(4). Moreover, as Plaintiff asserts, evidence of statements from medical practitioners could be offered for reasons other than to prove the truth of the matter asserted in said statements, such as demonstrating the effect on the Plaintiff, as well as understanding the nature and severity of his injuries and subsequent decision about treatment. Pl.'s Opp. Def.'s Mots. *Limine* at 6. Indeed, "[c]ourts have routinely

held that lay individuals are certainly capable of reliably understanding and testifying to their own medical condition." *Gage*, 365 F. Supp. 2d at 929 (citing *Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998)). Here, Plaintiff posits that there are other permissible bases for the admission of this evidence. At this time, the Court needs to hear more before ruling on this motion.

Defendants' Motion *in Limine* No. 10 is reserved.

### 11. Barring Reputation Evidence

Defendants' Motion *in Limine* No. 11 seeks to bar any evidence of the Defendants' reputation as "cranks" or being antagonistic, disrespectful, or provoking, arguing that the relevance of such improper character evidence is outweighed by the potential prejudice. Def.s' Mots. *Limine* at 8. Plaintiff objects, arguing that Rule 404(b) explicitly permits the use of such evidence for purposes beyond proving that a person acted in accordance with their character, including to prove motive, intent, preparation, plan, knowledge, or absence of mistake. Pl.'s Opp. Def.'s Mots. *Limine* at 7. Plaintiff further contends that evidence related to the Defendants' history or reputation for provoking or escalating confrontations is relevant to how and why they acted in the manner they did toward Plaintiff, given that Plaintiff alleges that prior to him punching Defendant Montes, Defendant Montes taunted and antagonized him.

As the Court previously noted, it is well established that evidence proffered to prove a person's character in order to show that on a particular occasion a person acted in accordance with that character is inadmissible. *See* Fed. R. Evid. 404(b). Plaintiff posits that there are other permissible bases for the admission of this evidence. Thus, the Court reserves ruling on this motion.

Defendants' Motion *in Limine* No. 11 is reserved.

### 12. Barring Evidence of Code of Silence

For their Motion *in Limine* No. 12, Defendants seek to bar any evidence of the allege "code of silence," wherein officers generally cover up for other officers. Def.s' Mots. *Limine* at 8–9. Defendants argue that such evidence is inadmissible under Federal Rules of Evidence 401, 402, and 403, positing that its sole purpose is to invoke the images that officers run amok to protect their own. *Id.* Plaintiff objects, arguing that the existence of a "code of silence," or a culture that discourages officers from reporting misconduct or encourages covering for one another, is directly relevant to the issue of whether officers concealed his assault or intentionally failed to intervene. Pl.'s Opp. Def.'s Mots. *Limine* at 7–8. Plaintiff directs the Court's attention to case law recognizing that the "code of silence" is not a mere stereotype but a documented and pervasive problem. *Id.* (citing *LaPorta v. City of Chicago*, 277 F. Supp. 3d 969

(N.D. Ill. 2017); *Fairley v. Andrews*, 430 F. Supp. 2d 786 (N.D. Ill. 2006), *aff'd sub nom. Fairley v. Fermaint*, 482 F.3d 897 (7th Cir. 2007)).

The Court agrees with Plaintiff that evidence that the Defendants allegedly covered-up for each other is relevant as it goes to bias in favor of one another. *Jones*, 2017 WL 413613, at *7; *Ratliff v. City of Chicago*, 2012 WL 5845551, at *11 (N.D. Ill. Nov. 19, 2012) (Plaintiff may explore the possibility that the defense witnesses are biased because of loyalty to one another). However, Plaintiff may not use the term "Code of Silence," as that term is prejudicial. *Jones*, 2017 WL 413613, at *7.

Defendants' Motion *in Limine* No. 12 is granted in part and denied in part.

### 13. Barring Plaintiff's Hearsay Testimony Offered by Plaintiff

Defendants' Motion *in Limine* No. 13 seeks to bar any self-serving statements to prove the truth of the matters asserted, as they are hearsay and not subject to an exception or exclusion if offered by Plaintiff. Def.s' Mots. *Limine* at 9. Plaintiff conditionally objects, as he acknowledges the rules against hearsay but is uncertain what Defendants are seeking to bar in their motion. Pl.'s Opp. Def.'s Mots. *Limine* at 8. The Court is equally uncertain. A motion *in limine* is intended to preclude the admission of inadmissible evidence. *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011). As such, the party moving to exclude evidence *in limine* must establish that said evidence is *clearly* inadmissible. *Euroholdings Capital & Inv. Corp. v. Harris Tr. & Sav. Bank*, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). Here, Defendants failed to do so.

Defendants' Motion *in Limine* No. 13 is denied.

### 14. Barring Other Grievances, Lawsuit, Complaints, and Hunger Strikes by Plaintiff

Defendants' Motion *in Limine* No. 14 seeks to bar Plaintiff's grievance records, arguing that such evidence is inadmissible hearsay, self-serving, and contains improper opinions and legal conclusions. Def.s' Mots. *Limine* at 9. Plaintiff agrees that references to unrelated grievances, lawsuits, complaints, and hunger strikes should be excluded, so long as the exclusion applies to both parties. However, Plaintiff contends that the grievance related to the assault at issue is highly relevant and admissible as prior consistent statements. Pl.'s Opp. Def.'s Mots. *Limine* at 8. The Court agrees with the Plaintiff. *See* Fed. R. Evid. 801(d)(1) (Witness statements are admissible that narrate, describe, or explain an event of which the declarant had personal knowledge).

Defendants' Motion *in Limine* No. 14 is granted as to unrelated grievances and applies to both parties. Defendants' motion is denied as to the grievance related to the January 3 incident.

### 15. Barring Comments on the Absence of Video/Audio Recordings

Defendants' Motion *in Limine* No. 15 seeks to bar evidence referencing the lack of video footage capturing the incident. Def.s' Mots. *Limine* at 10. Plaintiff does not oppose the motion.

Defendants' Motion *in Limine* No. 15 is granted.

### 16. Barring Evidence that Plaintiff Did Not Intentionally Assault Montes

Defendants' Motion *in Limine* No. 16 seeks to bar any evidence that Plaintiff did not intentionally assault Defendant Montes, arguing that Plaintiff's guilty plea for assault precludes him from questioning the validity of his conviction or sentence for the underlying assault on Defendant Montes. Def.s' Mots. *Limine* at 10 (citing, *inter alia*, *Heck v. Humphrey*, 512 U.S. 477 (1994)). Plaintiff objects, arguing that the *Heck* Doctrine does not prevent him from introducing evidence relevant to his citation and the reason for his guilty plea. Pl.'s Opp. Def.'s Mots. *Limine* at 10.

By way of background, Plaintiff explains that he received a citation for assaulting a correctional officer and causing injury following the January 3 incident. *Id*. He pled not guilty to this citation and instead accepted the consequences of the lesser citation for assault of a correctional officer without injury. *Id.* Plaintiff asserts that he has taken full accountability for initially punching Defendant Montes. *Id.* However, in his view, whether the punch was intentional or reflexive is key to understanding the subsequent events. *Id*. Plaintiff insists that the *Heck* Doctrine does not preclude him from asserting that he was assaulted *after* the incident that led to the judgment against him. Pl.'s Opp. Def.'s Mots. *Limine* at 9–10 (citing *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008)). The Court agrees with the Plaintiff.

Under *Heck*, where a judgment in favor of a plaintiff in a Section 1983 suit "would necessarily imply the invalidity of his conviction or sentence," the action cannot proceed. *Heck*, 512 U.S. at 478. However, it is well established that "[a] contention that a guard struck back after being hit is compatible with *Heck*. Otherwise, guards (and for that matter any public employee) could maul anyone who strikes them, without risk of civil liability as long as the private party is punished by criminal prosecution or prison discipline for the initial wrong." *Gilbert*, 512 F.3d at 901. Based on the record and by Plaintiff's admission, the validity of his citation, conviction, or sentence is not at issue. Instead, the constitutionality of the subsequent actions by Defendants is the crucial concern. Evidence regarding the initial punch and the events that followed could be essential to determining this case. However, as the parties have not advanced arguments regarding the relevance of this evidence, the Court is unable to determine its admissibility at this juncture.

Defendants' Motion *in Limine* No. 16 is reserved.

### 17. Barring Evidence of Indemnification of Defendants by the State of Illinois and/or the Depart of Corrections

Defendants, in their Motion *in Limine* No. 17, seek to bar evidence regarding whether the State of Illinois provides indemnity to any Defendant, as it is irrelevant. Def.s' Mots. *Limine* at 10. Plaintiff does not oppose the motion.

Defendants' Motion *in Limine* No. 17 is granted.

### 18. Barring "Send a Message" or "Golden Rule" Argument

Defendants' Motion *in Limine* No. 18 seeks to bar any evidence or arguments regarding the so-called "golden rule," which, from Defendants' view, asks the fact-finders to place themselves in Plaintiff's shoes. Def.s' Mots. *Limine* at 11. Plaintiff does not oppose the motion. Although unopposed, the Court questions the necessity of this motion for a bench trial.

Defendants' Motion *in Limine* No. 18 is granted.

### 19. Barring Argument or Evidence Regarding *Respondeat Superior* or Vicarious Liability

Defendants' Motion *in Limine* No. 19 seeks to bar any testimony that Defendants are responsible for the actions or inaction of others. Def.s' Mots. *Limine* at 11. Plaintiff does not oppose the motion.

Defendants' Motion *in Limine* No. 19 is granted.

### 20. Barring Plaintiff's Request for Specific Dollar Amounts

For Motion *in Limine* No. 20, Defendants seek to bar any evidence suggesting a particular damages amount. Def.s' Mots. *Limine* at 11 (citing *Smith v. City of Chicago*, 2020 WL 13599000 (N.D. Ill. Nov. 4, 2020). Defendants broadly contend–without distinguishing between economic and noneconomic damages–that Plaintiff is precluded from suggesting a particular damages amount at trial because he failed to provide a calculation of such damages before the discovery deadline. *Id.* at 11–12. Defendants also point out that Plaintiff was asked about damages at his deposition, but his counsel objected and instructed him not to answer the question. *Id.*

Plaintiff objects, arguing that (1) he disclosed the amount he's seeking for his physical and emotional injuries in his Fourth Amended Complaint (FAC) (*see* R. 192, ¶ 39), and (2) certain damage categories, such as pain and suffering and other noneconomic damages, are not capable of computation. Pl.'s Opp. Def.'s Mots. *Limine* at 10–11 (citing *Stevens v. DeWitt Cnty.*, Ill 2013 WL 819372 (C.D. Ill. Mar. 6, 2013)). Plaintiff also refutes Defendants claim that defense counsel asked him for a specific amount during his deposition. *Id*. Even still, Plaintiff acknowledges *Smith v. City of Chicago* and indicates that he will file a supplemental Rule 26(a)(1)(A)(iii) computation of damages. *Id*. The Court notes that Plaintiff's supplemental Rule 26(a)(1)(A)(iii) computation of damages has been filed. R. 254.

A party seeking damages "must, without awaiting a discovery request, provide to the other parties ... a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). "A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34." 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(a)(1). "Thus, Plaintiffs must provide Defendants with a current *computation* of each category of damages sought, along with the documents or other evidentiary material on which such computation is based." *Sauer v. Exelon Generation Co., LLC*, 2011 WL 3584780, at *9 (N.D. Ill. Aug. 15, 2011).

While there appears to be a split among federal courts, courts in this Circuit recognize that computing noneconomic damages is "not amendable to the requirements of Rule 26(a)(1)(A)(iii)." *Flair Airlines Ltd. v. Gregor LLC*, 2020 WL 5521419, at *1 (N.D. Ill. Feb. 27, 2020); *see also DeWitt Cnty.*, Ill 2013 WL 819372 at 4 ("Some damage categories are not capable of computation, such as pain and suffering and other noneconomic damages."). Accordingly, recognizing the difficulty of quantifying noneconomic damages, courts have not required plaintiffs to provide such computations. *Smith*, 2020 WL 13599000, at *4. However, by the same token, should a plaintiff refuse or fail to disclose a noneconomic damages calculation at the initial disclosure phase, they cannot in turn offer such computations for the fact finder. *Id*.

Here, Plaintiff does not contend that he complied with Rule 26(a)(1)'s disclosure requirements. *See generally* Pl.'s Opp. Def.'s Mots. *Limine*. Instead, Plaintiff hangs his hat on a figure contained in his FAC. Pl.'s Opp. Def.'s Mots. *Limine* at 10–11. But, as the Court noted above, pointing to a figure in the complaint falls woefully below Plaintiff's production requirement. *See Sauer*, 2011 WL 3584780, at *9. Moreover, Plaintiff acknowledged his Rule 26 obligation and subsequently filed supplemental Rule 26(a)(1)(A)(iii) computation of damages. FAC. Pl.'s Opp. Def.'s Mots. *Limine* at 10–11; R. 254. However, this Court will not allow Plaintiff to wait until the eve of trial to provide this information. Defendants are entitled to have a specific

computation of damages "made available for inspection" and without the opportunity to discover the basis for said contribution, as well as the chance to challenge that basis prior to trial, admitting such evidence at this junction would be harmful, unfair, and prejudicial to Defendants. *Sauer,* 2011 WL 3584780, at *9 (quoting *Clayman v. Starwood Hotels & Resorts Worldwide,* 343 F.Supp.2d 1037 (D. Kan. 2004).

As for noneconomic damages, the Court finds no support for the suggestion that Plaintiff can decline to provide a computation for said damages, "only to later offer such a computation—apparently at or much closer to trial (and at Plaintiffs' discretion)." *Smith*, 2020 WL 13599000, at *5. To be sure, this Court acknowledges, as Plaintiff asserts, that certain categories of damages are difficult to quantify. Pl.'s Opp. Def.'s Mots. *Limine* at 10–11. The Court also recognizes the well-settled carveout to Rule 26(a) disclosure requirements, which permits a plaintiff to forego providing a computation for noneconomic damages. *See Flair Airlines Ltd.*, 2020 WL 5521419, at *1 (N.D. Ill. Feb. 27, 2020). However, "[c]ase law across the federal courts reflects that plaintiffs who choose not to provide damage computations cannot in turn offer such computation to a [fact finder]." *Smith*, 2020 WL 13599000, at *5 (quoting *Sandoval v. Am. Bldg. Maint. Industries, Inc.*, 267 F.R.D. 257, 282–83 (D. Minn. 2007); citing *De Varona v. Discount Auto Parts, LLC*, No., 2012 WL 2334703, at *2 (S.D. Fla. June 19, 2012) ("[I]f Plaintiff decides not to disclose a computation for non-economic damages at the initial disclosure phase, then Plaintiff is precluded from suggesting any amount of non-economic damages to the jury at any point or manner during the trial.").

Defendants' Motion *in Limine* No. 20 is granted.

### 21. Barring Nonparty Witnesses

Defendants', through their Motion *in Limine* No. 21, seek to exclude all non-party witnesses from the courtroom during the testimony of any and all other witnesses. Def.s' Mots. *Limine* at 12 (citing Fed. R. Evid. 615)). Plaintiff does not oppose this motion. "The exclusion of fact witnesses rests on a concern that having heard the testimony of others, the witnesses may inappropriately tailor their testimony to conform to the testimony of previous witnesses." *Client Funding Sols. Corp. v. Crim*, 943 F. Supp. 2d 849, 868 (N.D. Ill. 2013) (cleaned up).

Defendants' Motion *in Limine* No. 21 is granted.

### 22. Prohibiting Conferral with Sworn Witnesses

Defendants, in their Motion *in Limine* No. 22, request that once a non-party witness is called to testify, no attorney or party be permitted to confer with that witness about his or her testimony until the termination of the testimony. Def.s' Mots. *Limine* at 12. Plaintiff does not oppose the motion.

Defendants' Motion *in Limine* No. 22 is granted.

### 23. Defendants' Motion in Limine No. 23.

Defendants' Motion *in Limine* No. 23 apparently does not seek to exclude any evidence, but instead seeks admission of Plaintiff's underlying conviction and sentence. The Court has already addressed this issue.

Defendants' Motion *in Limine* No. 23 is denied.

### 24. Defendants' Motion in Limine No. 24

Defendants' Motion *in Limine* No. 24 seeks the admission of Plaintiff's disciplinary history. The Court has already addressed this issue.

Defendants' Motion *in Limine* No. 24 is denied.

### 25. Defendants' Motion in Limine No. 25

Defendants' Motion *in Limine* No. 25 seeks admission of Plaintiff's alleged gang-related prison tattoos. Again, the Court already addressed this issue.

Defendants' Motion *in Limine* No. 25 is denied.

### 26. Defendants' Motion in Limine No. 26

Defendants' Motion *in Limine* No. 26 seeks admission that Stateville is a maximum-security prison and that inmates, such as Plaintiff, are more likely to be violent offenders. The Court previously addressed this argument.

Defendants' Motion *in Limine* No. 26 is denied.

### 27. Defendants' Motion in Limine No. 27

Defendants' Motion *in Limine* No. 27 seeks admission of the fact that Plaintiff had served prior terms in segregation and therefore was familiar with segregation. The Court agrees this evidence is relevant.

Defendants' Motion *in Limine* No. 27 is granted.

### 28. Barring Evidence of Defendants' Job Duties

Defendants' Motion *in Limine* No. 28 seeks to bar Plaintiff from testifying about Defendants' job duties and descriptions. Def.s' Mots. *Limine* at 14. Defendants argue that Plaintiff lacks foundation for such testimony given he has never worked for the Department of Corrections. *Id.* Plaintiff objects, arguing that this testimony should be allowed, as he has directly interacted with Defendants or experienced the consequences of their job duties. Pl.'s Opp. Def.'s Mots. *Limine* at 14–15. The way Plaintiff sees it, his personal knowledge gained through his experience with the prison system is sufficient to permit his testimony. *Id.*

Without more information or arguments regarding the nature of the testimony and the relevancy of the same, the Court, at this juncture, cannot yet determine its admissibility.

Defendants' Motion *in Limine* No. 28 is reserved.

## III.   Exhibits

The Court's current rulings on the parties' exhibit and deposition designation objections are contained in the charts attached as Exhibit 1 and Exhibit 2, respectively.

Even if the Court has ruled that an exhibit is relevant and admissible, the parties must introduce the exhibits into evidence during witness examinations at trial.

The Court expects the parties to have tested the courtroom technology prior to the start of trial and will not allow for delays caused by technical issues. If the parties need instruction on the courtroom display technology equipment, please visit: https://www.ilnd.uscourts.gov/Pages.aspx?page=CourtRoomTechnology and/or contact Alexander Zeier, the Courtroom Technology Administrator, to schedule a WebEx training session. Mr. Zeier can be reached at (312) 435-6045 or alexander_zeier@ilnd.uscourts.gov.

As stated in the Court's Standing Order Governing Bench Trials, unless both parties agree, no exhibits will be shown during opening statements.

Dated: 11/25/2024

_____
United States District Judge
Franklin U. Valderrama

# EXHIBIT 1



**Defendant's Objections to Plaintiff's Proposed Exhibits**

| No. | Date | Description | Relevance | Objection | Ruling |
|---|---|---|---|---|---|
| 1A-1J | 1/3/20 | Photos of Plaintiff after the incident taken at Stateville CC | Shows Plaintiff's Injuries | R. 901: foundation | Deferred. |
| 2A-2C | 1/3/20 | Photos of Defendants Montes and Davis taken after the incident at Stateville CC | Shows alleged injuries to Monte and Davis | R. 901: foundation. | Deferred. |
| 3A-3H | 1/4/20 | Photos of Plaintiff taken at Pontiac CC | Shows Plaintiff's injuries | R. 402: relevance. | Deferred. |
| 4A-4C | 1/3/20 | Photos of Floor of Shakedown Room at Stateville CC after the incident | Shows scene of incident and blood on the floor | R. 901: foundation; R. 402: relevance. | Deferred. |
| 5A-5K | 3/30/2023 | Photos of Stateville CC Shakedown Room taken during Plaintiff's Counsel's Inspection | Shows the scene of the incident | R. 901: foundation. | Deferred. |
| 6 | 1/3/2020 | Defendant Anastacio Written Incident Report | Defendant's signed statement | No Objection. | |
| 7 | 3/10/2020 | Investigation Interview of Defendant Anastacio | Defendant's signed statement | No Objection. | |
| 8 | 1/3/2020 | Incident Report Completed by Stateville CC Nurses | Details medical response to plaintiff and Plaintiff's complaints of injury | No Objection. | |
| 9 | | IDOC Administrative Directives – Standard of Conduct | Requirements governing IDOC staff | R. 402: relevance. | Overruled. |
| 10 | 1/3/2020 | Investigator Brown Interview with Plaintiff (Unsigned by Plaintiff) | Plaintiff did not sign statement | No Objection. | |
| 11 | 3/9/2020 | Investigation Interview of Defendant Davis | Defendant's signed statement | No Objection. | |
| 12 | 1/3/2020 | Defendant Davis Written Incident Report | Defendant's signed statement | No Objection. | |

| 13 | 1/3/2020 | Defendant Montes Written Incident Report | Defendant's signed statement | No Objection. | |
| 14 | 3/30/2021 | Investigation Interview of Defendant Montes | Defendant's signed statement | No Objection. | |
| 15 | 1/22/2020 | IDOC Adjustment Committed Final Summary Report | Resolution of discipline of plaintiff related to the incident | No Objection. | |
| 16 | | Illinois Administrative Code on Use of Force | Relevant standard for Correctional officers | R. 402: relevance. | Overruled. |
| 17 | 3/30/2021 | Investigation Interview of Defendant Clark | Defendant's signed statement | No Objection. | |
| 18 | 1/3/2020 | Defendant Clark Written Incident Report | Defendant's signed statement | No Objection. | |
| 19 | 1/3/2020 | Writ List from Stateville CC | Documentation of Plaintiff's medical transport on the date of incident | R. 402: relevance. | Overruled. |

| 20 | | Carissa Luking, NP Resume | Background and foundation for Plaintiff's treating physician whose testimony will be presented by deposition transcript | R. 402: relevance; R. 801: hearsay FRCP 26(a)(2). Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses FRCP 32(a)(4) Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition | Sustained. |
|----|--|--|--|--|--|

| 21 | | Hyunchul Jung, MD Resume | Background and foundation for Plaintiff's treating physician whose testimony will be presented by deposition transcript | R. 402: relevance; R. 801: hearsay FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses FRCP 32(a)(4) Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition | Sustained. |

| 22 | | Life Expectancy Chart | Damages | FRCP 37: Not disclosed to Defendants;<br><br>R. 801: hearsay<br><br>Per Defendants' motion in limine, Plaintiff should be barred from requesting any specific amount for his damages, due to his refusal to quantify such amounts during his deposition, 249:18-24. Smith v. City of Chicago, 2020 U.S. Dist. LEXIS 268439 (N.D. Ill.) | Sustained. |

| 23 | 12/13/21-3/4/22 | Medical Records from Carle Health used as Exhibit 1 in the depositions of Carissa Luking, N.P. and Hyunchul Jung, M.D. | Plaintiff's medical treatment, injuries, statements, damages | R. 901: foundation;<br><br>R. 801: hearsay.<br><br>FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses.<br><br>FRCP 32(a)(4), Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition | Deferred. |

| 24A-24D | 3/9/21-4/18/22 | Diagnostic Reports from Carle Health used as Exhibit 2 in the depositions of Carissa Luking, N.P. and Hyunchul Jung, M.D. | Plaintiff's medical treatment, injuries, statements, damages | R. 901: foundation; R. 801: hearsay FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses FRCP 32(a)(4) Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition | Deferred. |
|---|---|---|---|---|---|

| 25 | 1/3/2020 | Event Description and Plaintiff's Medical Request used as Exhibit 3 in the depositions of Carissa Luking, N.P. and Hyunchul Jung, M.D. | Plaintiff's medical treatment, injuries, statements, damages | R. 901: foundation; R. 801: hearsay. FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses FRCP 32(a)(4) Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition | Deferred. |

| 26 | 07/01/21-12-15-21 | Records of Plaintiff's back treatment at Lawrence CC in 2021. Used as Exhibit 5 in the depositions of Carissa Luking, N.P. and Hyunchul Jung, M.D. | Plaintiff's medical treatment, injuries, statements, damages | R. 901: foundation;<br><br>R. 801: hearsay.<br><br>FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses.<br><br>FRCP 32(a)(4), Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition | Deferred. |

| 27 | 04/18/22-6/15/22 | Records of Plaintiff's Physical Therapy from Lawrence CC. Used as Exhibit 6 in the depositions of Carissa Luking, N.P. and Hyunchul Jung, M.D. | Plaintiff's medical treatment, injuries, statements, damages | R. 901: foundation; R. 801: hearsay. FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses. FRCP 32(a)(4), Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition. | Deferred. |

| 28 | 01-12-22-12-23-22 | Records of Plaintiff's Medical Treatment at Lawrence CC in 2022. Used as Exhibit 7 in the depositions of Carissa Luking, N.P. and Hyunchul Jung, M.D. | Plaintiff's medical treatment, injuries, statements, damages | R. 901: foundation; R. 801: hearsay. FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses. FRCP 32(a)(4) Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition. | Deferred. |

| 29 | 03/16/22-09-21-22 | Outpatient Progress Notes for Plaintiff. Used as Exhibit 9 in the depositions of Carissa Luking, N.P. | Plaintiff's medical treatment, injuries, statements, damages | R. 901: foundation; R. 801: hearsay. FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses. FRCP 32(a)(4), Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition. | Deferred. |

| 30 | 02/04/19-12/17/19 | Records from Dr. Azra Pappa, MD/Psychiatrist | Plaintiff's mental health treatment, diagnoses | R. 901: foundation; R. 801: hearsay FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses. FRCP 32(a)(4), Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition. | Deferred. |
| 31 | Unknown | Investigator Brown's Investigation Report | Investigation and statements of witnesses | No Objection. | |
| 32 | 01/03/2020 | Defendant Montes Offender Disciplinary Report | Signed statement of Defendant Montes | No Objection. | |
| 33 | 01/03/2020 | Plaintiff's Miranda Warning Waiver | Plaintiff waived his Miranda rights | R. 402: relevance | Deferred. |
| 34 | 01/22/2020 | Plaintiff's Grievance about January 3, 2020 incident | Plaintiff's written grievance | R. 801: hearsay | Deferred. |

| 35 | 01/06/2020 | Dr. Luking Note stating Plaintiff Needs a Back Brace | Plaintiff's medical treatment, injuries, statements, damages | R. 901: foundation; R. 801: hearsay. FRCP 26(a)(2), Plaintiff never disclosed any expert witnesses; resumes are not relevant for fact witnesses. FRCP 32(a)(4), Plaintiff has not made a proper showing that this witness is unavailable and should not be allowed to present testimony by way of a discovery deposition. | Deferred. |

**Plaintiff's Objections to Defendant's Proposed Exhibits**

| No. | Date | Description | Relevance | Objection |
|-----|------|-------------|-----------|-----------|
| D-1 | None | IA investigation report, IDOC Sup 00030-71 | IA investigator Brown interviewed witnesses, including Plaintiff and Defendants, while investigating what occurred on January 3, 2020 | No Objection. |
| D-2 | 1/3/20 | Kim Racine incident report, Montes 0001 | Incident report of nurse who treated Plaintiff shortly after the incident | No Objection. |
| D-3 | 1/3/20 | Amanda Leary medical note, Montes 0002-3 | Medical note of nurse who treated Plaintiff shortly after the incident | No Objection. |
| D-4 | 1/3/20 | Defendant Davis' incident report, Montes 0004 | Incident report authored by one of the Defendants shortly after the incident | No Objection. |
| D-5 | 1/3/20 | Defendant Montes' incident report, Montes 0005 | Incident report authored by one of the Defendants shortly after the incident | No Objection. |
| D-6 | 1/3/20 | Defendant Anastacio's incident report, Montes 0006 | Incident report authored by one of the Defendants shortly after the incident | No Objection. |

| D-7 | 1/3/20 | Defendant Clark's incident report, Montes 0007 | Incident report authored by one of the Defendants shortly after the incident | No Objection. |
|---|---|---|---|---|

# EXHIBIT 2



**Defendants' Objections to Plaintiff's Designation Chart**

| Witness | Page/Line | Description | Relevance | Objection | Ruling |
|---------|-----------|-------------|-----------|-----------|--------|
| Carissa Luking, N.P | 4:8-12, 16-20; 5:17-19; 6:21-24;7:1-2,4-6, 22-24; 8:5-6, 9-24; 9:1-22; 10:2-24; 11:1-24, 12:1-24; 13:5-14,21-24, 14:1-19; 15:5-6, 16-24; 16:1-2, 12-20, 17:15-24, 18:1-3, 19:22-24; 20:1-6; 10-20; 21:4-24; 22:1-24; 23:1-11,18-21; | Carissa Luking, N.P | Deponent's Background and Qualifications; Plaintiff's injuries, treatment, damages | Defendants object to the designation of the deposition transcripts as hearsay and a violation of FRCP 26 as no experts have been previously disclosed. This designation is premature as Plaintiff has made no showing that these witnesses are "unavailable" as required under FRE 804. | Rule 26 objection: overruled; Relevance objection: overruled; FRE 804 objection: deferred.[5] |

---

[5] In response to this objection, Plaintiffs contend that (by indirect reference), under Federal Rule of Civil Procedure 32(a)(4)(B), Nurse Luking and Dr. Jung are unavailable because they reside more than 100 miles away from the Dirksen Federal Building. Indeed, "[a] party may use for any purpose the deposition of a witness ... if the court finds ... that the witness is more than 100 miles from the place of hearing or trial." Fed. R. Civ. P. 32(a)(4)(B). However, Plaintiff bears the burden of establishing Nurse Luking and Dr. Jung's unavailability. "A witnesses' bare assertion that he or she [lives more than 100 miles away from the Dirksen Federal Building] does not equate to a showing … as is required by Rule 32(a)(4)(B)." *Larsen v. Barrientes*, 2010 WL 2772325, at *3 (N.D. Ind. July 12, 2010). Accordingly, the Court defers ruling on this objection to the morning of the first day of trial. The Court also notes that "testimony may, in some circumstances, be presented via videoconference." *Torres v. City of Chicago*, 2021 WL 392703, at *5 (N.D. Ill. Feb. 4, 2021) (citing Federal Rule of Civil Procedure 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."). "This option may be preferable given the 'long-established principle that testimony by deposition is less desirable than oral testimony.'" *Id.* (quoting *Garcia-Martinez v. City & Cty. of Denver*, 392 F.3d 1187 (10th Cir. 2004)). As to the hearsay concerns raised by Defendants here, should Defendants raise such arguments again, parties should be prepared to address FRE 801(b)(1), which carves out an exception to the rule against hearsay for the former testimony of "unavailable" witnesses if (A) their testimony "was given as a witness at a ... lawful deposition" and (B) "is now offered against a party who had ... an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Parties should also be prepared to address FRE Rule 804(a)(5), which defines a witness as "unavailable" for the purposes of FRE 801(b)(1) if the declarant "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance."

| | | | | | |
|---|---|---|---|---|---|
| | 24:2-6,17-24; 25-1-6; 26: 23-24; 27:1-3; 28:6-23; 29:3-7, 11-24; 30:1-24; 31:1-24; 32:1- 17, 21-24; 33:1-24; 34:1-18; 35:5-12, 24; 36:1-24; 37:1-24; 38:1-14, 21-24; 39:1-24; 40: 1-23; 41:12-16; 42:15-24; 43:1-24; 44:1-24; 45:1-19; 46:1-24; 47:1-10, 19-24; 48:1-24; 49:1-24; 50:1-24; 51:1-24; 52: 1-16; 53:5-12,24; 54:1-13; 55:21-24; 56:1-24; 57: 1-16; 58:5-10, 22-24; 59:5-24; 60:1-24; 61: 1-5, 18-24; 62:1-24; 63:1-9, 18-24; 64: | | | Defendants also object to the relevance of the designated deposition transcript portions. | |

| | | | | | |
|---|---|---|---|---|---|
| | 1-9; 65: 5-8, 12-18; 66: 3-24 69:9-11, 16-24; 70: 1-24; 71:1-4, 74: 1-24; 75:17-24; 76: 1-3 | | | | |
| Hyunchul Jung | 4:9-13, 20-24; 5:1-5, 13-14, 19-24; 6:1-11, 15-21, 7:4-12, 14-15,19-20; 8:3-6, 13-19, 23- 24; 9:1-3, 8-24; 10:1-24; 11:1-24; 12:1-2, 4-24; 13:1,3-24; 14:1-24; 15:1-24; 16:1-24; 17:1-20; 18:2-18; 19:1-23; 20: 6-24; 21:1-22; 22:10-24, 23:1-24:1-24; 25:1-24; 26:1-24; 27:1- 14, 22-24; 28:1-24; 29:1-24; 30:1-24; 31:1-18, 31:19-24; 32:1-11, 16; 33:1-13; 34:6-11,18-21, 23-24; 35:1- | Plaintiff questioning deponent about background and qualifications, Plaintiff's treatment, recommendations, and diagnoses, opinions on causation of plaintiff's injuries | Deponent's Background and Qualifications, Plaintiff's injuries, treatment, damages, Plaintiff's injuries, treatment, damages | See above. | See above. |

| | 5, 8-14; 36:9- 24; 37:1-13,16- 24; 38:1- 2,14-24; 39:1- 22; 40:6-24; 41:1-9 | | | | |
|---|---|---|---|---|---|