UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL C. GOMEZ, <br> Plaintiff <br> <br> v. <br> <br> SGT. LOUIS MONTES III, LT. DEQUTIA DAVIS, SGT. MARC T. ANASTACIO, and PAULA D. CLARK, <br> Defendants | ) <br> ) <br> ) <br> ) Judge Franklin U. Valderrama <br> ) <br> ) CASE NO. 20 cv 4381 <br> ) <br> ) <br> ) |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 12**

Plaintiff seeks a sanction against Defendants for disclosing documents that were not in their possession and most of which were grievances <u>actually</u> <u>created by Plaintiff</u> or in response to those grievances.

**FACTUAL BACKGROUND**

Defendants are current and former correctional staff at Stateville Correctional Center. They are not the keepers of records for Stateville Correctional Center or the Department of Corrections, who are not parties to this lawsuit. Undersigned counsel entered his appearance in this matter on June 13, 2024. After reviewing the file, including disclosures and pleadings, undersigned counsel requested and received an update of previously disclosed documents on August 14, 2024 from the Illinois Department of Corrections. These documents were reviewed, redacted, and disclosed to Plaintiff counsel on August 21, 2024.

On September 23, 2024, Counsel for Plaintiff requested photographs taken during a March 30, 2023 inspection of Stateville Correctional Center. Although discovery was closed,

counsel for Defendants reached out to the Illinois Department of Corrections and was able to obtain and provide the photographs to Plaintiff.

## ARGUMENT

As an initial matter, Plaintiff seeks a sanction against Defendants for disclosing evidence that they were under no obligation to disclose. Plaintiff complains that these documents could be used for impeachment, foundation, or rebuttal. Under Federal Rule of Civil Procedure 26, evidence offered solely for impeachment need not be disclosed prior to trial. *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 869 (7th Cir. 2005). Plaintiff is correct that none of the supplemental disclosures are listed as exhibits for Defendants' case-in-chief and would only be used for impeachment. "Impeachment evidence" has been defined as evidence to the effect that the opposing party said or did something different or contradictory on another occasion or omitted matters he now asserts. *Armstrong v. Dart*, 2019 U.S. Dist. LEXIS 243881 (N.D. Ill. Nov. 13, 2019). As impeachment evidence need not be disclosed, Defendants should not be punished for disclosing evidence that they were not required to disclose.

Further, Plaintiff complains that Defendants supplemented their disclosures after the close of fact discovery. Federal Rule of Civil Procedure 26(e) requires a party to supplement or correct its response to a discovery request if the party learns that the disclosure or response is "incomplete or incorrect" in "some material respect." Discovery is distinct from investigation. As stated in *Marianjoy Rehab. Hosp. v. Williams Elecs. Games*, 1996 U.S. Dist. LEXIS 10119 (N.D. Ill. July 18, 1996):

> "Discovery" is the process whereby one party learns the evidentiary basis of the opposing party's case and involves an exchange of information. That is the process that ceases at the date discovery is ordered closed. We know of no rule that requires a party to cease the investigation of its own case at the close of discovery. Indeed, Rule 26(e)(2) of the Federal Rules of Civil Procedure is designed, at least in part, to deal with the problem of later-discovered evidence and requires that a party be under a continuing duty to

supplement or correct previous responses to certain discovery requests, including a request for production, whenever "the party learns that the [previous] response is in some material way incomplete or incorrect . . . ." It would clearly defeat the purpose of Rule 26(e) if the duty of supplementation did not survive the close of discovery.

*Id*. at *8. In *Marianjoy*, the plaintiff produced all of the documents in its possession or control before the close of discovery, but continued searching for additional documents and produced them after the close of discovery.

In his motion, Plaintiff admits that "all of these newly disclosed records are in the care and custody of the Illinois Department of Corrections." Just as in *Marianjoy*, the Defendants produced all of the documents in their possession or control before the close of discovery and, upon receiving additional documents from non-party Illinois Department of Corrections, provided them to Plaintiff. As noted by the court in *Marianjoy*, "[the moving party] thus finds itself in the curious position of requesting the imposition of sanctions for behavior that not only is <u>not</u> prohibited by the Federal Rules of Civil Procedure, but is <u>required</u> by them." *Id*. at *9 (emphasis added). Like the moving party in *Marianjoy*, Plaintiff seeks to sanction Defendants for following the Federal Rules of Civil Procedure in supplementing previous disclosures.

Plaintiff claims that he would be prejudiced "as no witness in this case, most importantly the Plaintiff, had any opportunity to examine these materials before their depositions or address them during said depositions." However, many of these documents were actually generated by the Plaintiff himself. The documents disclosed consist of the following:

a) Pages 1-98 consist of an updated version the Plaintiff's previously disclosed Cumulative Counseling Summary and Disciplinary Card. Having previously received earlier versions of these documents, Plaintiffs had notice of their existence and could have requested the updated versions from the Illinois Department of Corrections.

b) Pages 99-162 (63 pages total) consist of Plaintiff's sentencing calculation paperwork.

c) Pages 163-214 (51 pages total) consist of Plaintiff's outside writ documents.

d) Pages 215 through 258 (43 pages total) consist of Plaintiff's security classification paperwork.

e) Pages 259 through 1208 (949 pages total) consist of the Plaintiff's Grievance File from June 17, 2020 through October 26, 2022. This includes his handwritten grievances and the responses that he received. Plaintiff cannot claim prejudice from the fact that he did not disclose his grievances to his own attorneys and his knowledge of these documents is imputed to his counsel. *See* FED. R. CIV. P. 26(e) advisory committee note to 1993 amendment.

In this case, Plaintiff complains that Defendants did not disclose documents of which Plaintiff had actual knowledge. As to documents generated by Plaintiff or in response to them, there can be no prejudice to their use at trial. Moreover, because these documents were not in their care and custody, Defendants properly disclosed them upon receipt from the Illinois Department of Corrections.

## CONCLUSION

Defendants respectfully request this Court to deny Plaintiff's Motion in Limine Number 12, and for such other and further relief as the Court deems proper.

Dated: November 26, 2024

Respectfully submitted,

SGT. LOUIS MONTES III, LT. DEQUTIA DAVIS, SGT. MARC T. ANASTACIO, and PAULA D. CLARK, Defendants

KWAME RAOUL
Attorney General for the State of Illinois
Attorney for Defendants

By: /s/ *Thor Y. Inouye*
Thor Y. Inouye
Assistant Attorney General
115 South LaSalle, 23rd Floor
Chicago, IL 60603
(773) 590-7949(phone)
(312) 814-5218(fax)
thor.inouye@ilag.gov

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL C. GOMEZ,<br>Plaintiff | )<br>)<br>) |
| v. | ) Judge Franklin U. Valderrama<br>) |
| SGT. LOUIS MONTES III, LT. DEQUTIA DAVIS, SGT. MARC T. ANASTACIO, and PAULA D. CLARK,<br>Defendants | ) CASE NO. 20 cv 4381<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

    I hereby certify that on November 26, 2024, the foregoing document, Response to Plaintiff's Amended Motion in Limine No. 12 was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Kevin J. Golden
    John Saletta
    DUDLEY & LAKE, LLC
    20 N. Clark Street Suite 720
    Chicago, IL 60602
    312-263-6300
    kgolden@dudleylake.com

        Respectfully submitted,

        SGT. LOUIS MONTES III, LT. DEQUTIA DAVIS, SGT. MARC T. ANASTACIO, and PAULA D. CLARK, Defendants

        KWAME RAOUL
        Attorney General for the State of Illinois
        Attorney for Defendants

    By:    */s/ Thor Y. Inouye*
        Thor Y. Inouye
        Assistant Attorney General
        115 South LaSalle, 23rd Floor
        Chicago, IL 60603
        (773) 590-7949(phone)
        (312) 814-5218(fax)
        thor.inouye@ilag.gov